UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
VANESSA J. LEE,

                         **Plaintiff,**

          **-against-**

BAIS SELLER REALTY &
CONSTRUCTION INC., et al.,

                       **Defendants.**
---------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**08-CV-2556 (NG)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      In a letter to the Court dated October 27, 2011, ECF Docket Entry ("DE") #50, Klein & Solomon, LLP (the "Klein Firm"), the former attorneys for defendants Bais Seller Realty & Construction and Yuri Skalet (collectively, "defendants"), have requested that the Court approve the Klein Firm's re-entry into the case as defendants' counsel, and a two-week extension of the deadline for filing the Joint Pretrial Order ("JPTO"). Plaintiff does not oppose these requests. See Letter to the Court from Jay B. Solomon (Oct. 27, 2011) ("Pl. Letter"), DE #51.

      The Klein Firm sought to be relieved in February 2009, on the grounds that there had been a breakdown in communications between defendants and the Klein Firm; that defendants failed to cooperate with the Klein Firm in complying with defendants' discovery obligations; and that defendants failed to pay the Klein Firm for legal services and expenses incurred. See Motion for Leave to Withdraw (Feb. 19, 2009), DE #21. Following an *ex parte*, sealed proceeding, see Minute Order (March 19, 2011), DE #25; Sealed Transcript, DE #36, the Court granted the Klein Firm's application to withdraw, with defendants' consent. See Order, DE #35.

The Court will allow the Klein Firm to resume representation of defendants, but only on the following conditions:  Defendants must cooperate with counsel in all aspects of the case. The Klein Firm will not be permitted to withdraw again based on lack of payment or for any of the previously identified reasons.  In the event defendants fail to cooperate with counsel, this Court will recommend that default judgments be entered against both defendants.

The request for a two-week extension of the deadlines for the JPTO (which was due to be filed yesterday) is granted, on consent.

Lastly, plaintiff's counsel requests that "Mr. Skalet should not be relieved of his obligations to respond to the Court's Order To Show Cause, dated October 24, 2011."  Pl. Letter.  That Order To Show Cause directed Mr. Skalet to address, under oath or affirmation, his continued violation of court orders and his apparent misrepresentations to the Court regarding the status and locations of his businesses.  See Order To Show Cause (Oct. 24, 2011).  The unsworn statements in the Klein Firm's letter addressing these matters are no substitute for statements by Mr. Skalet under oath or affirmation.  He shall file the ordered statement by November 4, 2011.

The Clerk is directed to enter this Order into the ECF system, to transmit a copy via facsimile to the Klein Firm, and to re-enter the Klein Firm's appearance on the docket sheet.

         **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
          **October 28, 2011**

                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**